UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON ABARCA, | Civil Action No. 14-5158 (MAS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| STEPHEN D'ILIO, et al., | |
| Respondents. | |

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Nelson Abarca, for relief under 28 U.S.C. § 2254. Petitioner has declared that this Petition sets forth all grounds for relief and is his one, all-inclusive habeas petition. At this time, the Court must screen the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and it appearing:

1. The Petition states that on June 4, 2004, Petitioner was convicted, pursuant to a guilty plea, of aggravated sexual assault and other related crimes. (Am. Pet. 2, ECF No. 6.) Petitioner appealed, and the conviction was affirmed on January 11, 2006. *Id.* at 3. Petitioner did not file a petition for certification with the New Jersey Supreme Court on direct appeal. *Id.*

2. Petitioner then filed his application for post-conviction relief ("PCR") on December 6, 2006. *Id.* at 4. PCR was denied on October 18, 2010. *Id.* The PCR denial was affirmed on August 7, 2013, *id.* at 7, and certification was denied by the New Jersey Supreme Court on June 2, 2014. *Id.* at 23. The instant Petition was filed on August 15, 2014. *Id.*

3. Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment

of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

4. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitations period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

5. So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*,

2009 WL 1307449 at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

6. "The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

7. Here, the Petition is untimely. In the Petition, Petitioner asserts that his judgment became final on April 10, 2006—90 days after his direct appeal was denied on January 11, 2006—apparently giving himself credit for the 90-day period to seek certiorari with the United States Supreme Court. (Am. Pet. 23.) However, Petitioner is not entitled to that 90-day period because he did not seek review in the New Jersey Supreme Court on direct appeal. "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012). State rules require that a petition for certification with the state supreme court be filed within 20 days after an appeal at the appellate court concludes. N.J. Court Rules 2:12–3(a); *Alvarenga v. Lagana*,

3

No. 13-4604, 2015 WL 4461854, at *2 (D.N.J. July 21, 2015). As such, Petitioner's judgment became final on January 31, 2006, not April 10, 2006 as he contends, and his AEDPA limitations period began to run on that date.

8. Petitioner filed his PCR application on December 6, 2006. At that point, 309 days had run from the one-year limitations period, with 56 days remaining to file a timely habeas petition. Based on the information in the Petition, the Court is unsure whether there were any further delays within the PCR proceedings themselves. However, what is clear from the Petition is that the PCR process concluded on June 2, 2014, when the New Jersey Supreme Court denied certification. Applying statutory tolling for that entire period while the PCR application was allegedly pending, Petitioner had until July 28, 2014 to file his federal habeas petition. The instant Petition was not filed until August 15, 2014, making it untimely.

9. As Petitioner makes no argument for equitable tolling in the Petition, the Court finds that the Petition is time-barred. In the interest of justice, the Court dismisses the Petition without prejudice, and affords Petitioner an opportunity to amend the Petition to explain why the Petition should be deemed timely. Particularly, Petitioner may submit to this Court any arguments, supported by evidence, why Petitioner is entitled to equitable tolling. Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition.

10. Lastly, the Court denies a certificate of appealability. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

4

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

**IT IS** therefore on this 22nd day of September, 2016,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

**ORDERED** that the Amended Petition, ECF No. 6, is hereby **DISMISSED WITHOUT PREJUDICE** as time-barred; it is further

**ORDERED** that a certificate of appealability is hereby **DENIED**; it is further

**ORDERED** that Petitioner may, within thirty (30) days from the date of entry of this Order, amend the Petition as directed above; failure to timely amend the Petition will result in a dismissal with prejudice; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

Michael A. Shipp
United States District Judge

5